Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLARY WHITE RABBIT, LLC, a Maine limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation; and DOES 1-100,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT; and<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Hillary White Rabbit, LLC ("White" or "Plaintiff"), by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## <u>INTRODUCTION</u>

Hillary White is a visual artist living in Maine and the principal of Hillary White Rabbit, LLC. White's unique artwork couples her wit and keen social observations with various themes, including 1980's redux-inspired t-shirt designs and hand-drawn, cartoon-style artwork. White's business has been successful enough to be her only source of income.

At issue in this action are unauthorized uses of White's artwork on apparel and personal accessories that are being sold online, including on Amazon.com,

Inc.'s ("Amazon") platform and marketplace, located at https://www.amazon.com (the "Amazon Platform").  Images of infringing content reside on Amazon's servers and are publicly displayed and broadcast indefinitely from these servers. Despite White's submission of notices of copyright infringement to Amazon, Amazon has either failed to expeditiously disable access to infringing product or failed to disable access at all, resulting in the willful and pervasive infringement of White's copyrights.

## JURISDICTION & VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 et seq.

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.  Defendant Amazon.com, Inc. is subject to personal jurisdiction in California because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of California law.

4.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because Defendant is subject to personal jurisdiction in this district.

## PARTIES

5.  Plaintiff Hillary White Rabbit, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Maine.  Hillary White is the principal of Plaintiff.

6.  Plaintiff is informed and believes and thereon alleges that Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters located in Seattle, Washington and Arlington Virginia, and major corporate offices (over 350,000 square feet of space) in Los Angeles, California.

7.  Plaintiff is informed and believes and thereon alleges that Defendants Does 1-100, inclusive, are manufacturers and/or vendors of products offered for sale on the Amazon Platform, which Doe Defendants have manufactured, imported, publicly displayed, promoted, sold and distributed apparel and other products bearing unlawful reproductions of Plaintiff's artworks without Plaintiff's consent.

8.  The true names, whether corporate, individual or otherwise of Defendants Does 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

9.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## RELEVANT BACKGROUND RE AMAZON

A. The Amazon Platform

10. The Amazon Platform is a digital software platform that allows third-party, independent sellers (hereinafter, "Third-Party Sellers") to market, offer and retail all types of products in an online setting.  Every product offered on the Amazon Platform is assigned an "Amazon Standard Identification Number," or ASIN.  ASINs usually consist of ten alphanumeric characters that identify the product sold under that ASIN.

11. Amazon's marketplace business model has evolved in a variety of ways over the years, including its pivot to a dual retail model and the development of its Vendor Central program. The adoption of this dual retail model has allowed Amazon to be both a marketplace operator and a retail vendor of product on its own retail platform. Vendor Central, Amazon's wholesale platform, facilitates this dual retail model, allowing Amazon to purchase products directly from Third-Party Sellers at wholesale prices. These products are then sold by Amazon under the designation, "Shipped and Sold by Amazon".

12. If a copyright owner discovers infringing material on Amazon's Platform, it can submit a DMCA to Amazon's designated copyright agent, or alternatively it may use an electronic form to submit a NOCI, or notice of copyright infringement, via Amazon's e-Form, located at https://www.amazon.com/report/infringement. A copyright owner can report both Third-Party Seller products and Amazon retail product as infringing, and both Amazon's and Third-Party Sellers' products are identified by ASIN.

13. Notably, Amazon works extremely expeditiously to disable access to Third-Party Seller product listings for reported being sold by on Amazon. Almost invariably, Amazon disables access to these Third-Party Seller product listings within hours of receiving the relevant NOCI; White has never had to follow up on requests for removal of Third-Party Seller product. Amazon's own retail product listings, however, remain active for weeks on the Amazon Platform, available for purchase well past the submission of the NOCI.

B. Server Images

14. Almost every product sold on the Amazon Platform is associated with images of that product, sometimes one image and sometimes hundreds of images. Each image is copied onto Amazon's servers and remains on Amazon's servers unless or until Amazon takes affirmative action to remove it from these servers.

15. When White first started reporting infringing products on the Amazon Platform, she had no idea that the images of infringing products and her artworks were separate from the listing URL, and therefore she did not know to report the individual images associated with each infringing product.  Once she discovered this practice, she began reporting the images to Amazon and demanding removal of the product and content from Amazon Platform and its servers.  However, the images of previously-removed infringing product –sometimes consisting solely of high-resolution reproductions of White's artworks – remained unreported and there for the taking.

16. Amazon's computer servers allow for the resizing of images; anyone with the pinpoint URL can change the size of the image being broadcast from Amazon's servers from, say, 60 pixels to 500 pixels, simply by replacing numbers at the end of the pinpoint URL.  In the context of visual artwork, these pinpoint URLs provide a very valuable source of content for infringers and web scraping tools.  Thus, White began reporting the image URLs themselves, as Amazon claimed to be unable to identify the infringing images from the product listing.  This was untrue, and White discovered that the images are identifiable from the product listings and by the image root file name associated with the product listing and ASIN.  In fact, Amazon changed its IPR e-Form to accommodate the reporting of both products and images.

17. Due to Amazon's failure to disable public access to these high-resolution images permanently stored on Amazon's servers and displayed via pinpoint URL, there are literally thousands of infringing images bearing White's artwork that have been and are being broadcast over the internet by Amazon's servers. As Amazon's servers are routinely scraped by illegal bots and software, these images are vulnerable to online extraction, and Amazon's failure to delete these images results in scraped images and even more misappropriation, keeping the cycle of infringement going.

## THE ARTWORK AT ISSUE

18. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Garbage in the Streets" (the "Garbage Artwork"). The Garbage Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

19. Plaintiff applied for a United States copyright registration for the Garbage in the Streets Artwork, resulting in U.S. Copyright Registration No. VA 2-295-961 with an effective date of November 10, 2022.

20. Prior to the acts complained of herein, Plaintiff posted the Garbage Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

21. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "I Delight in My Own Filth" (the "Delight Artwork"). The Delight Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

22. Plaintiff applied for a United States copyright registration for the Delight Artwork, resulting in U.S. Copyright Registration No. VA 2-207-953 with an effective date of May 26, 2020.

23. Prior to the acts complained of herein, Plaintiff posted the Delight Artwork in her online portfolio on DeviantArt.com and offered it for sale including without limitation, on RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

24. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Coven of Trash Witches" (the "Coven Artwork"). The Coven Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

25. Plaintiff applied for a United States copyright registration for the Coven Artwork, resulting in U.S. Copyright Registration No. VA 2-163-988 with an effective date of August 12, 2019.

26. Prior to the acts complained of herein, Plaintiff posted the Coven Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

27. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Heckin' Spoopy" (the "Heckin' Artwork"). The Heckin' Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

28. Plaintiff applied for a United States copyright registration for the Heckin' Artwork, resulting in U.S. Copyright Registration No. VA 2-175-216 with an effective date of August 30, 2019.

29. Prior to the acts complained of herein, Plaintiff posted the Heckin' Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

30. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "I Love Halloween" (the "Halloween Artwork"). The Halloween Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

31. Plaintiff applied for a United States copyright registration for the Halloween Artwork, resulting in U.S. Copyright Registration No. VA 2-227-836 with an effective date of October 16, 2022.

32. Prior to the acts complained of herein, Plaintiff posted the Halloween Artwork in her online portfolio on DeviantArt.com and offered it for sale on

including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

33. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Eat Treats, Do Tricks" (the "Eat Treats Artwork"). The Eat Treats Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

34. Plaintiff applied for a United States copyright registration for the Eat Treats Artwork, resulting in U.S. Copyright Registration No. VA 2-266-280 with an effective date of August 27, 2021.

35.Prior to the acts complained of herein, Plaintiff posted the Eat Treats Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

36. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Spicy Dog Treats" (the "Spicy Artwork"). The Spicy Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

37. Plaintiff applied for a United States copyright registration for the Spicy Artwork, resulting in U.S. Copyright Registration No. VA 2-220-526 with an effective date of August 25, 2020.

38. Prior to the acts complained of herein, Plaintiff posted the Spicy Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

39. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Toe Bean Control System" (the "Toe Bean Artwork"). The Toe Bean Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

40. Plaintiff applied for a United States copyright registration for the Toe Bean Artwork, resulting in U.S. Copyright Registration No. VA 2-235-585 with an effective date of December 6, 2020.

41. Prior to the acts complained of herein, Plaintiff posted the Toe Bean Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

42. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Street Cats" (the "Street Cats Artwork"). The Street Cats Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

43. Plaintiff applied for a United States copyright registration for the Street Cats Artwork, resulting in U.S. Copyright Registration No. VA 2-145-686 with an effective date of March 27, 2019.

44. Prior to the acts complained of herein, Plaintiff posted the Street Cats Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

45. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Here to Cause Trouble" (the "Trouble Artwork"). The Trouble Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

46. Plaintiff applied for a United States copyright registration for the Trouble Artwork, resulting in U.S. Copyright Registration No. VA 2-256-256 with an effective date of June 8, 2021.

47. Prior to the acts complained of herein, Plaintiff posted the Trouble Artwork in her online portfolio on DeviantArt.com and offered it for sale on

including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

48. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Fluffin' Meowgical" (the "Fluffin' Artwork"). The Fluffin' Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

49. Plaintiff applied for a United States copyright registration for the Fluffin' Artwork, resulting in U.S. Copyright Registration No. VA 2-179-490 with an effective date of November 24, 2019.

50. Prior to the acts complained of herein, Plaintiff posted the Fluffin' Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

51. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Garbage of the Damned" (the "Damned Artwork").   The Damned Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

52. Plaintiff applied for a United States copyright registration for the Damned Artwork,  resulting in U.S. Copyright Registration No. VA 2-145-677 with an effective date of March 25, 2019.

53. Prior to the acts complained of herein, Plaintiff posted the Damned Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

54. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Headbutts & Throat Cuts" (the "Headbutts Artwork").   The Headbutts Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

55. Plaintiff applied for a United States copyright registration for the Headbutts Artwork, resulting in U.S. Copyright Registration No. VA 2-343-677 with an effective date of February 26, 2023.

56. Prior to the acts complained of herein, Plaintiff posted the Headbutts Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

57. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork entitled "Pestilence" (the "Pestilence Artwork").   The Pestilence Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

58. Plaintiff applied for a United States copyright registration for the Pestilence Artwork, resulting in U.S. Copyright Registration No. VA 2-145-670 with an effective date of April 2, 2019.

59. Prior to the acts complained of herein, Plaintiff posted the Pestilence Artwork in her online portfolio on DeviantArt.com and offered it for sale on including without limitation, RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

## CLAIMS RELATED TO ASIN B09MYVXP3H
## (COVEN OF TRASH WITCHES ARTWORK)

60. Following Plaintiff's publication and distribution of products bearing the Coven Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Coven Artwork ("Unauthorized Product") on the Amazon Platform.

61. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported

Unauthorized Product, and displayed, promoted, sold and distributed the
Unauthorized Product under ASIN B09MYVXP3H. A visual comparison of
Plaintiff's Coven Artwork and an exemplar of the Unauthorized Product is
included within Exhibit A, attached hereto.

62. The comparison clearly shows that the elements, composition, colors,
arrangement, layout, and appearance of the designs at issue are identical.

63. The exemplar provided in Exhibit A is non-inclusive, and the allegations
set forth herein are as to all Unauthorized Product sold by Defendants, and each of
them, that bears a design substantially similar to the Coven Artwork.

64. On December 13, 2021, Plaintiff submitted a NOCI to Amazon via
Amazon's Report Form.

65. In the NOCI, Plaintiff alerted Amazon to one (1) URL for an Amazon
Platform product listing under ASIN B09MYVXP3H, alleged that the
Unauthorized Product bore an unauthorized copy of the Coven Artwork, and
requested removal of the listing.

66. Plaintiff's NOCI was compliant with the Digital Millennium Copyright
Act under 17 U.S.C. § 512 ("DMCA").

67. Plaintiff received an automated message confirming Amazon's receipt of
Plaintiff's NOCI and indicating that it would process the NOCI and notify White
by email in one to two days.

68. On December 16, 2021, White sent an email to white-
settlement@amazon.com, notifying Amazon that the listing under ASIN
B09MYVXP3H was still active, and again requested removal of the listing.

69. Amazon disabled access to the Amazon Platform listing for
Unauthorized Product under ASIN B09MYVXP3H on January 2, 2022.

70. Upon information and belief, Amazon did not disable access to the
images associated with ASIN B09MYVXP3H, including images bearing
reproductions of White's artwork until sometime in 2023.

71. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B09MYQ9662
## (HECKIN' SPOOPY ARTWORK)

72. Following Plaintiff's publication and distribution of products bearing the Heckin' Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Heckin' Artwork ("Unauthorized Product") on the Amazon Platform.

73. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported Unauthorized Product, and displayed, promoted, sold and distributed the Unauthorized Product under ASIN B09MYQ9662.  A visual comparison of Plaintiff's Heckin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

74. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

75. This exemplar is non-inclusive, and the allegations set forth herein are as to all Unauthorized Product sold by Defendants, and each of them, that bears a design substantially similar to the Heckin' Artwork.

76. On December 13, 2021, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

77. In the NOCI, Plaintiff alerted Amazon to two (2) URLs for Amazon Platform product listings under ASIN B09MYQ9662, alleged that the Unauthorized Product bore an unauthorized copy of the Heckin' Artwork, and requested removal of the listing.

78. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

79. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

80. On December 16, 2021, White sent an email to white-settlement@amazon.com, notifying Amazon that the listing under ASIN B09MYQ9662 was still active, and again requested removal of the listing.

81. Amazon disabled access to the Amazon Platform listing for Unauthorized Product under ASIN B09MYQ9662 on January 2, 2022.

82. Upon information and belief, Amazon did not disable access to the images associated with ASIN B09MYQ9662, including images bearing reproductions of White's artwork until at least September 5, 2023.

83. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in

the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B09JJ13S34
## (SPICY DOG TREATS ARTWORK)

84. Following Plaintiff's publication and distribution of products bearing the Spicy Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Spicy Artwork ("Unauthorized Product") on the Amazon Platform.

85. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported Unauthorized Product, and displayed, promoted, sold and distributed the Unauthorized Product under ASIN B09JJ13S34.  A visual comparison of Plaintiff's Spicy Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

86. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

87. This exemplar is non-inclusive, and the allegations set forth herein are as to all Unauthorized Product sold by Defendants, and each of them, that bears a design substantially similar to the Spicy Artwork.

88. On January 19, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

89. In the NOCI, Plaintiff alerted Amazon to one (1) URL for an Amazon Platform product listing under ASIN B09JJ13S34, alleged that the Unauthorized

Product bore an unauthorized copy of the Spicy Artwork, and requested removal of the listing.

90. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

91. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

92. On January 21, 2022, White sent an email to white-settlement@amazon.com, notifying Amazon that the listing under ASIN B09JJ13S34 was still active, and again requested removal of the listing.

93. Amazon disabled access to the Amazon Platform listing for Unauthorized Product under ASIN B09JJ13S34 on February 4, 2022.

94. Upon information and belief, Amazon did not disable access to the images associated with ASIN B09JJ13S34, including images bearing reproductions of White's artwork until at least September 5, 2023.

95. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B09JBKMS35
## (EAT TREATS, DO TRICKS ARTWORK)

96. Following Plaintiff's publication and distribution of products bearing the Eat Treats Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing

unauthorized reproductions of the Eat Treats Artwork ("Unauthorized Product") on the Amazon Platform.

97. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported Unauthorized Product, and displayed, promoted, sold and distributed the Unauthorized Product under ASIN B09JBKMS35. A visual comparison of Plaintiff's Eat Treats Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

98. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

99. This exemplar is non-inclusive, and the allegations set forth herein are as to all Unauthorized Product sold by Defendants, and each of them, that bears a design substantially similar to the Eat Treats Artwork.

100. On January 19, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

101. In the NOCI, Plaintiff alerted Amazon to one (1) URL for an Amazon Platform product listings under ASIN B09JBKMS35, alleged that the Unauthorized Product bore an unauthorized copy of the Eat Treats Artwork, and requested removal of the listing.

102. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

103. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

104.   On January 21, 2022, White sent an email to white-settlement@amazon.com, notifying Amazon that the listing under ASIN B09JBKMS35 was still active, and again requested removal of the listing.

105.   Amazon disabled access to the Amazon Platform listing for Unauthorized Product under ASIN B09JBKMS35 on February 4, 2022.

106.   Upon information and belief, Amazon did not disable access to the images associated with ASIN B09JBKMS35, including images bearing reproductions of White's artwork until at least September 5, 2023.

107.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BJBV7JNX
## (I LOVE HALLOWEEN ARTWORK)

108.   Following Plaintiff's publication and distribution of products bearing the Halloween Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Halloween Artwork ("Unauthorized Product") on the Amazon Platform.

109.   Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported Unauthorized Product, and displayed, promoted, sold and distributed the Unauthorized Product under ASIN B0BJBV7JNX.  A visual comparison of

Plaintiff's Halloween Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

110.  The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

111.  This exemplar is non-inclusive, and the allegations set forth herein are as to all Unauthorized Product sold by Defendants, and each of them, that bears a design substantially similar to the Halloween Artwork.

112.  On October 16, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

113.  In the NOCI, Plaintiff alerted Amazon to one (1) URL for an Amazon Platform product listings under ASIN B0BJBV7JNX, alleged that the Unauthorized Product bore an unauthorized copy of the Halloween Artwork, and requested removal of the listing.

114.  Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

115.  Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

116.  On October 18, 2022, White sent an email to white-settlement@amazon.com, notifying Amazon that the listing under ASIN B0BJBV7JNX was still active, and again requested removal of the listing.

117.  Upon information and belief, Amazon disabled access to the Amazon Platform listing for Unauthorized Product under ASIN B0BJBV7JNX on or after November 7, 2022.

118.  Upon information and belief, Amazon did not disable access to the images associated with ASIN B0BJBV7JNX, including images bearing reproductions of White's artwork until on or after September 5, 2023.

119.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD6GLSB8
## (I DELIGHT IN MY OWN FILTH ARTWORK)

120.  Following Plaintiff's publication and distribution of products bearing the Delight Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Delight Artwork ("Unauthorized Product") on the Amazon Platform.

121.  Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported Unauthorized Product, and displayed, promoted, sold and distributed the Unauthorized Product under ASIN B0CD6GLSB8.  A visual comparison of Plaintiff's Delight Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

122.  The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

123. This exemplar is non-inclusive, and the allegations set forth herein are as to all Unauthorized Product sold by Defendants, and each of them, that bears a design substantially similar to the Delight Artwork.

124. On August 5, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

125. In the NOCI, Plaintiff alerted Amazon to one (1) URL for an Amazon Platform product listing under ASIN B0CD6GLSB8, alleged that the Unauthorized Product bore an unauthorized copy of the Delight Artwork, and requested removal of the listing.

126. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

127. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

128. On August 9, 2023, White sent an email to white-settlement@amazon.com, notifying Amazon that the listing under ASIN B0CD6GLSB8 was still active, and again requested removal of the listing.

129. Amazon disabled access to the Amazon Platform listing for Unauthorized Product under ASIN B0CD6GLSB8 on August 17, 2023.

130. Upon information and belief, Amazon did not disable access to the images associated with ASIN B0CD6GLSB8, including images bearing reproductions of White's artwork until at least September 27, 2023.

131. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue

to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD4GGP21
## (GARBAGE ARTWORK)

132. Following Plaintiff's publication and distribution of products bearing the Garbage Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Garbage Artwork ("Unauthorized Product") on the Amazon Platform.

133. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, manufactured, caused to be created, imported and/or exported Unauthorized Product, and displayed, promoted, sold and distributed the Unauthorized Product under ASIN B0CD4GGP21.  A visual comparison of Plaintiff's Garbage Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

134. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

135. This exemplar is non-inclusive, and the allegations set forth herein are as to all Unauthorized Product sold by Defendants, and each of them, that bears a design substantially similar to the Garbage Artwork.

136. On August 5, 2024, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

137. In the NOCI, Plaintiff alerted Amazon one (1) URL for an Amazon Platform product listing under ASIN B0CD4GGP21, alleged that the Unauthorized Product bore an unauthorized copy of the Garbage Artwork, and requested removal of the listing.

138. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

139. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

140. On August 9, 2024, White sent an email to white-settlement@amazon.com, notifying Amazon that the listing under ASIN B0CD4GGP21 was still active, and again requested removal of the listing.

141. Amazon disabled access to the Amazon Platform listing for Unauthorized Product under ASIN B0CD4GGP21 on or after August 17, 2023.

142. Upon information and belief, Amazon did not disable access to the images associated with ASIN B0CD4GGP21, including images bearing reproductions of White's artwork until at least September 7, 2023 after Plaintiff's counsel addressed the matter directly with Amazon's legal counsel.

143. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

/ / /

/ / /

**SERVER IMAGE**

**CLAIMS RELATED TO ASIN B0C37TSLH8**

**(STREET CATS ARTWORK**

144. Following Plaintiff's publication and distribution of products bearing the Street Cats Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Street Cats Artwork ("Unauthorized Product") on the Amazon Platform under ASIN BOC37TSLH8.

145. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Street Cats Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

146. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

147. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Street Cats Artwork.

148. On June 24, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0C37TSLH8 via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

149. In the NOCI, Plaintiff alerted Amazon to a third-party seller product listing on the Amazon Platform under ASIN BOC37TSLH8, alleged that the Unauthorized Product bore an unauthorized copy of the Street Cats Artwork, and requested removal of the listing.

150. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

151. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the third-party seller listing for Unauthorized Product under ASIN BOC37TSLH8 on June 24, 2024.

152. Shortly thereafter, White discovered that images of the Unauthorized Product and copies of her Street Cats Artwork ("Unauthorized Images") had been retained on Amazon's computer servers and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs directed to these servers.

153. On June 26, 2024, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided two (2) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

154. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after September 27, 2023.

155. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0B66R3BFS
## (I LOVE HALLOWEEN ARTWORK)

156. Following Plaintiff's publication and distribution of products bearing the Halloween Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing

unauthorized reproductions of the Halloween Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0B66R3BFS.

157. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Halloween Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

158. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

159. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Halloween Artwork.

160. On October 6, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0B66R3BFS via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

161. In the NOCI, Plaintiff alerted Amazon to a third-party seller product listing on the Amazon Platform under ASIN B0B66R3BFS, alleged that the Unauthorized Product bore an unauthorized copy of the Halloween Artwork, and requested removal of the listing.

162. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

163. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the third-party seller listing for Unauthorized Product under ASIN B0B66R3BFS within several days.

164. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Halloween Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs directed to these servers.

165. On October 8, 2024, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided six (6) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

166. Upon information and belief, Amazon disabled access to the last Unauthorized Images on or after November 12, 2022.

167. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BGZQSM7L
## (TOE BEAN CONTROL SYSTEM ARTWORK)

168. Following Plaintiff's publication and distribution of products bearing the Toe Bean Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Toe Bean Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BGZQSM7L.

169. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed

images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Toe Bean Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

170. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

171. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Toe Bean Artwork.

172. On October 15, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BGZQSM7L via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

173. In the NOCI, Plaintiff alerted Amazon to a third-party seller product listing on the Amazon Platform under ASIN B0BGZQSM7L, alleged that the Unauthorized Product bore an unauthorized copy of the Toe Bean Artwork, and requested removal of the listing.

174. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

175. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the listing for Unauthorized Product under ASIN B0BGZQSM7L within several days.

176. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Toe Bean Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

177. On October 15, 2024, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized

Images, provided six (6) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

178. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after October 28, 2022, when White's counsel demanded in writing that Amazon cease display of the Unauthorized Images.

179. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BLLFSHJH
### (HERE TO CAUSE TROUBLE ARTWORK)

180. Following Plaintiff's publication and distribution of products bearing the Trouble Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Trouble Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BLLFSHJH.

181. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Trouble Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

182. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

183. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Trouble Artwork.

184. On November 7, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BLLFSHJH via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

185. In the NOCI, Plaintiff alerted Amazon to an Amazon product listing on the Amazon Platform under ASIN B0BLLFSHJH, alleged that the Unauthorized Product bore an unauthorized copy of the Trouble Artwork, and requested removal of the listing.

186. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

187. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the third-party seller listing for Unauthorized Product under ASIN B0BLLFSHJH within several days.

188. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Trouble Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

189. On November 9, 2022, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided forty-six (46) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

190. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after March 15, 2023.

191. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B09YDB3MYT
## (STREET CATS ARTWORK)

192. Following Plaintiff's publication and distribution of products bearing the Street Cats Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Street Cats Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B09YDB3MYT.

193. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Street Cats Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

194. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

195. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Street Cats Artwork.

196. On January 15, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B09YDB3MYT via Amazon's

Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

197. In the NOCI, Plaintiff alerted Amazon to a third-party seller product listing on the Amazon Platform under ASIN B09YDB3MYT, alleged that the Unauthorized Product bore an unauthorized copy of the Street Cats Artwork, and requested removal of the listing.

198. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

199. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B09YDB3MYT within several days.

200. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Street Cats Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

201. On January 18, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided eleven (11) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

202. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after March 15, 2023.

203. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in

the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASINs B09VF96PVD, B09VF6QPWS, B09VF9PV3Q, and B09VF7V4HM (FLUFFIN' MEOWGICAL ARTWORK)

204. Following Plaintiff's publication and distribution of products bearing the Fluffin' Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Street Cats Artwork ("Unauthorized Product") on the Amazon Platform under ASINs B09VF96PVD, B09VF6QPWS, B09VF9PV3Q, and B09VF7V4HM.

205. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Fluffin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

206. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

207. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Fluffin' Artwork.

208. On February 2, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASINs B09VF96PVD, B09VF6QPWS, B09VF9PV3Q, and B09VF7V4HM via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

209. In the NOCI, Plaintiff alerted Amazon to four (4) third-party seller product listings on the Amazon Platform under ASINs B09VF96PVD,

B09VF6QPWS, B09VF9PV3Q, and B09VF7V4HM, alleged that the Unauthorized Product bore an unauthorized copy of the Fluffin' Artwork, and requested removal of the listings.

210. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

211. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASINs B09VF96PVD, B09VF6QPWS, B09VF9PV3Q, and B09VF7V4HM within several days.

212. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Fluffin' Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

213. On February 6, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided nine (9) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

214. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after March 15, 2023.

215. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B09WJG6V72
## (FLUFFIN' MEOWGICAL ARTWORK)

216. Following Plaintiff's publication and distribution of products bearing the Fluffin' Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Fluffin' Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B09WJG6V72.

217. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Fluffin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

218. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

219. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Fluffin' Artwork.

220. On February 2, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B09WJG6V72 via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

221. In the NOCI, Plaintiff alerted Amazon to one third-party seller product listing on the Amazon Platform under ASIN B09WJG6V72, alleged that the Unauthorized Product bore an unauthorized copy of the Fluffin' Artwork, and requested removal of the listing.

222. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

223. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B09WJG6V72 within several days.

224. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Fluffin' Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

225. On February 6, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided fifty-two (52) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

226. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after March 15, 2023.

227. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BY4K8254
## (I DELIGHT IN MY OWN FILTH ARTWORK)

228. Following Plaintiff's publication and distribution of products bearing the Delight Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing

unauthorized reproductions of the Delight Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BY3K8254.

229. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Delight Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

230. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

231. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Delight Artwork.

232. On March 15, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BY3K8254 via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

233. In the NOCI, Plaintiff alerted Amazon to one third-party seller product listing on the Amazon Platform under ASIN B0BY3K8254, alleged that the Unauthorized Product bore an unauthorized copy of the Delight Artwork, and requested removal of the listing.

234. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

235. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B0BY3K8254 within several days.

236. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Delight Artwork on Amazon's

computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

237. On March 17, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided seven (7) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

238. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after April 13, 2023.

239. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

### CLAIMS RELATED TO ASIN B0BY4KZD7K
### (I DELIGHT IN MY OWN FILTH ARTWORK)

240. Following Plaintiff's publication and distribution of products bearing the Delight Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Delight Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BY4KZD7K.

241. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Delight Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

242. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

243. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Delight Artwork.

244. On March 15, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BY4KZD7K via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

245. In the NOCI, Plaintiff alerted Amazon to one third-party seller product listing on the Amazon Platform under ASIN B0BY4KZD7K, alleged that the Unauthorized Product bore an unauthorized copy of the Delight Artwork, and requested removal of the listing.

246. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

247. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B0BY4KZD7K within several days.

248. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Delight Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

249. On March 17, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided seven (7) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

250. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after April 13, 2023.

251. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BY4YLZ2N
## (I DELIGHT IN MY OWN FILTH ARTWORK)

252. Following Plaintiff's publication and distribution of products bearing the Delight Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Delight Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BY4YLZ2N.

253. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Delight Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

254. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

255. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Delight Artwork.

256. On March 15, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BY4KZD7K via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

257. In the NOCI, Plaintiff alerted Amazon to one third-party seller product listing on the Amazon Platform under ASIN B0BY4YLZ2N, alleged that the Unauthorized Product bore an unauthorized copy of the Delight Artwork, and requested removal of the listing.

258. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

259. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B0BY4YLZ2N within several days.

260. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Delight Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

261. On March 17, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided seven (7) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

262. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after April 13, 2023.

263. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue

to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BSF2Z9YJ
## (GARBAGE OF THE DAMNED ARTWORK)

264. Following Plaintiff's publication and distribution of products bearing the Damned Artwork, White discovered that certain third parties had misappropriated the design and were selling apparel and merchandise bearing unauthorized reproductions of the Damned Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BSF2Z9YJ.

265. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Damned Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

266. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

267. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Damned Artwork.

268. On March 19, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BSF2Z9YJ via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

269. In the NOCI, Plaintiff alerted Amazon to one third-party seller product listing on the Amazon Platform under ASIN B0BSF2Z9YJ, alleged that the

Unauthorized Product bore an unauthorized copy of the Damned Artwork, and requested removal of the listing.

270. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

271. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B0BSF2Z9YJ within several days.

272. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Damned Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

273. On March 21, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided two (2) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

274. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after April 13, 2023.

275. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

/ / /

/ / /

1

2

### CLAIMS RELATED TO ASIN B0BZCJCJ8
### (HEADBUTTS & THROAT CUTS ARTWORK)

3   276. Following Plaintiff's publication and distribution of products bearing

4   the Headbutts Artwork, White discovered that certain third parties had

5   misappropriated the design and were selling apparel and merchandise bearing

6   unauthorized reproductions of the Headbutts Artwork ("Unauthorized Product")

7   on the Amazon Platform under ASIN B0BZCQJCJ8.

8   277. Plaintiff is informed and believes and thereon alleges that, the above-

9   named Defendant and the DOE Defendants copied, published, publicly displayed

10   images of the Unauthorized Product without Plaintiff's authorization. A visual

11   comparison of Plaintiff's Headbutts Artwork and an exemplar of the Unauthorized

12   Product is included within Exhibit A, attached hereto.

13   278. The comparison clearly shows that the elements, composition, colors,

14   arrangement, layout, and appearance of the designs at issue are identical.

15   279. This exemplar is non-inclusive, and the allegations set forth herein are

16   as to all unauthorized content displayed by Defendants, and each of them, that

17   bears a design substantially similar to the Headbutts Artwork.

18   280. On April 9, 2023, Plaintiff submitted a notice of copyright infringement

19   ("NOCI") to Amazon for ASIN B0BZCQJCJ8 via Amazon's Report Infringement

20   form located at https://amazon.com/report/infringement (hereinafter the "Report

21   Form").

22   281. In the NOCI, Plaintiff alerted Amazon to one third-party seller product

23   listing on the Amazon Platform under ASIN B0BZCQJCJ8, alleged that the

24   Unauthorized Product bore an unauthorized copy of the Headbutts Artwork, and

25   requested removal of the listing.

26   282. Plaintiff's NOCI was compliant with the Digital Millennium Copyright

27   Act under 17 U.S.C. § 512 ("DMCA").

28

283. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days, and Amazon disabled access to the product listing for Unauthorized Product under ASIN B0BZCQJCJ8 within several days.

284. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Headbutts Artwork on Amazon's computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

285. On April 11, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided thirty-nine (39) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

286. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after June 16, 2023.

287. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BJBV7JNX
## (I LOVE HALLOWEEN ARTWORK)

288. Following Plaintiff's publication and distribution of products bearing the Halloween Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and

merchandise bearing unauthorized reproductions of the Halloween Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BJBV7JNX.

289. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Halloween Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

290. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

291. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Halloween Artwork.

292. On October 16, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BJBV7JNX via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

293. In the NOCI, Plaintiff alerted Amazon to one Amazon retail product listing on the Amazon Platform under ASIN B0BJBV7JNX, alleged that the Unauthorized Product bore an unauthorized copy of the Halloween Artwork, and requested removal of the listing.

294. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

295. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

296. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Halloween Artwork on Amazon's

computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs.

297. In a letter dated October 28, 2022 from Plaintiff's counsel to Amazon's counsel, Plaintiff's counsel demanded that Amazon disable access to a provided list of pinpoint URLs displaying images of White's artwork that still remained on Amazon's computer servers.

298. The list of pinpoint URLs provided with the October 28, 2022 included one (1) pinpoint URL for an image of the Unauthorized Product containing an image of White's Halloween Artwork on Amazon's computer servers ("Unauthorized Image").

299. Upon information and belief, Amazon disabled access to the Unauthorized Product on or after November 7, 2022.

300. Upon information and belief, Amazon disabled access to the Unauthorized Image on or after September 5, 2023.

301. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0BHLK6P4L
## (PESTILENCE ARTWORK)

302. Following Plaintiff's publication and distribution of products bearing the Pestilence Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and

merchandise bearing unauthorized reproductions of the Pestilence Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0BHLK6P4L.

303. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Pestilence Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

304. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

305. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Pestilence Artwork.

306. On October 19, 2022, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for ASIN B0BHLK6P4L via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form").

307. In the NOCI, Plaintiff alerted Amazon to one Amazon retail product listing on the Amazon Platform under ASIN B0BHLK6P4L, alleged that the Unauthorized Product bore an unauthorized copy of the Pestilence Artwork, and requested removal of the listing.

308. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

309. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

310. Shortly thereafter, White discovered that Amazon had retained images of the Unauthorized Product and copies of her Pestilence Artwork on Amazon's

computer servers ("Unauthorized Images") and that these Unauthorized Images were still accessible and publicly displayed via pinpoint URLs to these servers.

311. On October 21, 2022, White sent an email to white-settlement@amazon.com in which she notified Amazon of the Unauthorized Images, provided ninety-two (92) pinpoint URLs for the Unauthorized Images, and specifically requested that Amazon disable access to the Unauthorized Images.

312. In a letter dated October 28, 2022, from Plaintiff's counsel to Amazon's counsel, Plaintiff's counsel demanded that Amazon disable access to a provided list of pinpoint URLs displaying Unauthorized Images of White's artwork that still remained on Amazon's computer servers.

313. The list of pinpoint URLs provided with the October 28, 2022 letter included URLs for the Unauthorized Images on Amazon's computer servers.

314. Upon information and belief, Amazon disabled access to the last Unauthorized Images on or after March 15, 2023.

315. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD5Q5GH8
## (FLUFFIN' MEOWGICAL ARTWORK)

316. Following Plaintiff's publication and distribution of products bearing the Fluffin' Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and

merchandise bearing unauthorized reproductions of the Fluffin' Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0CD5Q5GH8.

317. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Fluffin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

318. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

319. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Fluffin' Artwork.

320. On August 1, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for the image associated with ASIN B0CD5Q5GH8 ("Unauthorized Image") via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form"), which had been updated to permit the reporting of images associated with reported product.

321. In the NOCI, Plaintiff alerted Amazon to one product image under ASIN B0CD5Q5GH8 ("Unauthorized Image"), alleged that the Unauthorized Image bore an unauthorized copy of the Fluffin' Artwork, and requested removal of the image.

322. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

323. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

324. On August 3, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon that the Unauthorized Product was still active, and specifically requested that Amazon disable access to the Unauthorized Product in addition to the Unauthorized Images.

325. Upon information and belief, Amazon disabled access to the last Unauthorized Images on or after August 11, 2023.

326. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.\

**CLAIMS RELATED TO ASIN B0CD5S7T3Z**
**(FLUFFIN' MEOWGICAL ARTWORK)**

327. Following Plaintiff's publication and distribution of products bearing the Fluffin' Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and merchandise bearing unauthorized reproductions of the Fluffin' Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0CD5S7T3Z.

328. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Fluffin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

329. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

330. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Fluffin' Artwork.

331. On August 1, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for the image associated with ASIN B0CD5S7T3Z via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form"), which had been updated to permit the reporting of images associated with reported product.

332. In the NOCI, Plaintiff alerted Amazon to one image under ASIN B0CD5S7T3Z ("Unauthorized Image"), alleged that the Unauthorized Image bore an unauthorized copy of the Fluffin' Artwork, and requested removal of the Unauthorized Image.

333. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

334. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

335. On August 3, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon that the Unauthorized Product displayed in the Unauthorized Image reported via the Report Form was still active, and specifically requested that Amazon disable access to the Unauthorized Product in addition to the Unauthorized Image.

336. Upon information and belief, Amazon disabled access to the Unauthorized Image on or after September 27, 2023.

337. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of

Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD5RFVZ6
## (FLUFFIN' MEOWGICAL ARTWORK)

338. Following Plaintiff's publication and distribution of products bearing the Fluffin' Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and merchandise bearing unauthorized reproductions of the Fluffin' Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0CD5RFVZ6.

339. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Fluffin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

340. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

341. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Fluffin' Artwork.

342. On August 1, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for the image associated with ASIN B0CD5RFVZ6 via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form"), which had been updated to permit the reporting of images associated with reported product.

343. In the NOCI, Plaintiff alerted Amazon to one product image under ASIN B0CD5RFVZ6 ("Unauthorized Image"), alleged that the Unauthorized Image bore a copy of the Fluffin' Artwork, and requested removal of the Unauthorized Image.

344. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

345. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

346. On August 3, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon that the Unauthorized Product displayed in the Unauthorized Image reported via the Report Form was still active, and specifically requested that Amazon disable access to the Unauthorized Product in addition to the Unauthorized Image.

347. Upon information and belief, Amazon disabled access to the Unauthorized Image on or after August 11, 2023.

348. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD5R5BQ5
## (FLUFFIN' MEOWGICAL ARTWORK)

349. Following Plaintiff's publication and distribution of products bearing the Fluffin' Artwork, White discovered that certain third parties had

misappropriated the design and were displaying and selling apparel and merchandise bearing unauthorized reproductions of the Fluffin' Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0CD5R5BQ5.

350. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Fluffin' Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

351. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

352. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Fluffin' Artwork.

353. On August 1, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for the image associated with ASIN B0CD5R5BQ5 ("Unauthorized Image") via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form"), which had been updated to permit the reporting of images associated with reported product.

354. In the NOCI, Plaintiff alerted Amazon to one Unauthorized Image under ASIN B0CD5R5BQ5, alleged that the Unauthorized Image bore an unauthorized copy of the Fluffin' Artwork, and requested removal of the Unauthorized Image.

355. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

356. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

357. On August 3, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon that the Unauthorized Product displayed in the Unauthorized Image reported via the Report Form was still active, and specifically requested that Amazon disable access to the Unauthorized Product in addition to the Unauthorized Image.

358. Upon information and belief, Amazon disabled access to the Unauthorized Image on or after August 11, 2023.

359. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD6GLSB8
## (I DELIGHT IN MY OWN FILTH ARTWORK)

360. Following Plaintiff's publication and distribution of products bearing the Delight Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and merchandise bearing unauthorized reproductions of the Delight Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0CD6GLSB8.

361. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Delight Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

362. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

363. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Delight Artwork.

364. On August 5, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for the images associated with ASIN B0CD6GLSB8 ("Unauthorized Images") via Amazon's Report Infringement form located at https://amazon.com/report/infringement (hereinafter the "Report Form"), which had been updated to permit the reporting of images associated with reported product.

365. In the NOCI, Plaintiff alerted Amazon to two Unauthorized Images under ASIN B0CD6GLSB8, alleged that the Unauthorized Images bore an unauthorized copy of the Fluffin' Artwork, and requested removal of the Unauthorized Images.

366. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

367. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

368. On August 9, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon that the Unauthorized Product displayed in the Unauthorized Images reported via the Report Form was still active, and specifically requested that Amazon disable access to the Unauthorized Product in addition to the Unauthorized Images.

369. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after September 27, 2023.

370. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## CLAIMS RELATED TO ASIN B0CD4GGP21
## (GARBAGE IN THE STREETS ARTWORK)

371. Following Plaintiff's publication and distribution of products bearing the Garbage Artwork, White discovered that certain third parties had misappropriated the design and were displaying and selling apparel and merchandise bearing unauthorized reproductions of the Garbage Artwork ("Unauthorized Product") on the Amazon Platform under ASIN B0CD4GGP21.

372. Plaintiff is informed and believes and thereon alleges that, the above-named Defendant and the DOE Defendants copied, published, publicly displayed images of the Unauthorized Product without Plaintiff's authorization. A visual comparison of Plaintiff's Garbage Artwork and an exemplar of the Unauthorized Product is included within Exhibit A, attached hereto.

373. The comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are identical.

374. This exemplar is non-inclusive, and the allegations set forth herein are as to all unauthorized content displayed by Defendants, and each of them, that bears a design substantially similar to the Garbage Artwork.

375. On August 5, 2023, Plaintiff submitted a notice of copyright infringement ("NOCI") to Amazon for the images associated with ASIN B0CD4GGP21 ("Unauthorized Images") via Amazon's Report Infringement form

located at https://amazon.com/report/infringement (hereinafter the "Report Form"), which had been updated to permit the reporting of images associated with reported product.

376. In the NOCI, Plaintiff alerted Amazon to two Unauthorized Images under ASIN B0CD4GGP21, alleged that the Unauthorized Images bore a copy of the Fluffin' Artwork, and requested removal of the Unauthorized Images.

377. Plaintiff's NOCI was compliant with the Digital Millennium Copyright Act under 17 U.S.C. § 512 ("DMCA").

378. Plaintiff received an automated message confirming Amazon's receipt of Plaintiff's NOCI and indicating that it would process the NOCI and notify White by email in one to two days.

379. On August 9, 2023, White sent an email to white-settlement@amazon.com in which she notified Amazon that the Unauthorized Product displayed in the Unauthorized Images reported via the Report Form was still active, and specifically requested that Amazon disable access to the Unauthorized Product in addition to the Unauthorized Images.

380. Upon information and belief, Amazon disabled access to the Unauthorized Images on or after September 7, 2023.

381. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

/ / /

/ / /

**DAMAGE TO PLAINTIFF**

382. In response to the widespread infringement of her proprietary artwork, White has spent countless hours identifying infringing material on the Amazon Platform and preparing and submitting NOCIs to Amazon.  But for this infringement, White would have spent this time creating new artwork, growing her business, and earning a living.

383. Despite White's DMCA takedown notices, Amazon failed to act expeditiously in response to said notices for weeks at a time.

384. Despite White's best efforts, products bearing illegal copies of her artwork continue to be sold on the Amazon Platform, including without limitation, product that is sold and shipped directly by Amazon itself.

385. Despite White's DMCA takedown notices, Amazon failed to act expeditiously in response to said notices for weeks at a time.

386. Despite White's best efforts, illegal copies of her artwork continue to be displayed on the Amazon Platform, originating from Amazon's servers.

387. White has lost sales as a direct result of the infringing products listed on Amazon, as set forth supra, and but for the infringing sales, White would have sold more original, legal product.

388. White's artwork has lost significant value as a result of the oversaturation of the Amazon Platform with Unauthorized Product bearing White's artwork, as set forth supra, and but for the infringing sales, White's artwork would have retained its original value.

389. Amazon's failure to remove thousands of images bearing reproductions of White's artwork from its computer servers has resulted in thousands of copies of White's artwork portfolio being published indefinitely online, available for taking – and even resizing - by illegal software and bot scraping tools.

390. Upon information and belief, the quality of many of the infringing products is substantially inferior to White's original product.  The sale of such

inferior product by Defendants has harmed, and will continue to harm, White's reputation as an artist and retailer of product bearing her artwork.

## DMCA SAFE HARBOR PROTECTION

391. As an online service provider who hosts content for third parties, Amazon is offered protection under the safe harbor provisions of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512.

392. On information and belief, Amazon can disable each link for Unauthorized Product and/or Unauthorized Images that are offered and displayed on the Amazon Platform.

393. Amazon has registered an agent with the United States Copyright Office for the purposes of investigating and complying with DMCA notices submitted to Amazon.

394. Each time Plaintiff submitted a DMCA-compliant notice to Amazon requesting removal of links to Unauthorized Product, she received the following automated response: "We received your email. Amazon respects the intellectual property rights of others. After we process your notice, we will notify you by email. This usually takes 1 to 2 days."

395. Plaintiff never authorized the Unauthorized Products or the Unauthorized Images, as set forth above.

396. Because Amazon has failed to respond to Plaintiff's DMCA-compliant notices expeditiously, it cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

397. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

398. White is, and at all relevant times has been, the owner of the original artworks.

399. The original artworks are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

400. White has complied in all respects with the provisions and requirements of the Copyright Act.

401. White duly registered the copyrights in and to all of the original artworks with the United States Copyright Office prior to the acts complained of herein.

402. White has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the original artworks.

403. Without White's authorization, the original artworks were reproduced on distributed products and were publicly displayed on the Amazon Platform and offered for sale.

404. Defendants, and each of them, had actual knowledge of the infringement of Plaintiff's copyrights.

405. Amazon had actual knowledge of the infringing listings on the Amazon Platform as a result of Plaintiff's NOCIs and DMCAs.

406. White provided notice to Amazon in compliance with the DMCA and Amazon failed to expeditiously disable access to or remove the infringing links on the Amazon Platform.

407. In failing to disable and/or remove the infringing links from the Amazon Platform after receipt of Plaintiff's DMCA notices, Amazon acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

408. Amazon directly infringed White's copyrights by continuing to allow public access to the infringing links on the Amazon Platform and/or Amazon's server or on servers controlled by Amazon or through access controlled by Amazon to third party servers, and by continuing to allow sales of a vast array of infringing products.

409. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's individual artworks entitled "Garbage in the Streets," "I Delight in My Own Filth," "Coven of Trash Witches," "Heckin' Spoopy," "I Love Halloween," "Eat Treats, Do Tricks," "Spicy Dog Treats," "Toe Bean Control System," "Here to Cause Trouble," "Street Cats," "Fluffin' Meowgical," "Garbage Of The Damned," "Headbutts & Throat Cuts," and "Pestilence," including, without limitation, through (a) access to Plaintiff's online design portfolio located at DeviantArt.com; (b) access to the original artworks listed for sale on t-shirts on various websites by Plaintiff including, but not limited to, RedBubble.com, Threadless, com, and TeePublic.com; (c) access to illegally manufactured, imported and distributed copies of the artworks by third-party vendors and/or the DOE Defendants, including without limitation international and/or overseas manufacturers and printing mills; and (d) t-shirts manufactured and sold to the public bearing items lawfully printed with the artworks. Access is also established by the striking similarity between the artworks and the corresponding artwork on Defendants', and each of their, infringing product.

410. Plaintiff is informed and believes and thereon alleges that one or more of the DOE Defendants has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the original artworks in that said products featured unauthorized design(s) that were identical or substantially similar to the original artworks, or were an illegal derivation or modification thereof.

411. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the original artworks and by producing, distributing and/or selling apparel and/or other products which infringe the original artworks through Amazon's nationwide network.

412. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

413. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

414. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the original artworks as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the original artworks in an amount to be established at trial.

415. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)**

416. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

417. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the original artworks as alleged herein.

418. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

419. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

420. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the original artworks.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the original artworks, in an amount to be established at trial.

421. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### **With Respect to Each Claim for Relief**

   a.  Against Defendants, and each of them, for willful copyright infringement;

b.  Alternatively, against Defendants, and each of them, for copyright infringement;

c.  Against Defendants, and each of them, for vicarious and contributory copyright infringement;

d.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those in and to the original artworks;

e.  That Defendant Amazon be required to disable access to any unauthorized reproductions of Plaintiff's original artworks from Amazon's computer servers;

f.  That Defendant Amazon be enjoined from retaining reproductions of Plaintiff's original artworks on Amazon's computer servers;

g.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, et seq.;

h.  That Plaintiff be awarded its statutory damages and attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505, et seq.;

i.  That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

j.  That Plaintiff be awarded the costs of this action;

k.  That Plaintiff be awarded pre-judgment interest as allowed by law; and

l.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

/ / /

/ / /

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: December 19, 2024                    DONIGER/BURROUGHS

                                   By:    */s/ Stephen M. Doniger*
                                          Stephen M. Doniger, Esq.
                                          *Attorneys for Plaintiff*